The opinion of the Court was delivered by
Glover, J.
All the grounds of the appellants’ motion, except the last, suggest error in the charge of the presiding Judge, which, it has been insisted in argument, was too direct and imperative. The organization of the Court makes it proper that the powers and duties of the Judge and the jury should be kept distinct, and that questions of law and fact should be submitted to the appropriate tribunal. This Court has acted on the maxim) ad qceustionem legis, respondent judices] ad qceustionem facti, respondent juratores. To preserve the latter branch of the maxim, it will hardly be contended that a Judge shall simply recapitulate the evidence, and play the part of a mere automa *479 ton, and not direct the attention of the jury to the relevancy and sufficiency of the evidence. Where facts have impressed his mind with the truth and justice of a cause, it is his duty to call the attention of the jury to them, and show their connexion, and their sufficiency to prove the issues presented, leaving the jury free to pass upon them. ' His experience should light their path, and lead them to a correct conclusion, not controlled by his opinion, but by the evidence. It is difficult to suggest, a priori, a general rule by which a Judge’s charge upon the facts in all cases that may arise, shall be governed. Without evidence he may withdraw a case from the jury, and shall he be restrained from commenting freely on the evidence, and indicating to the jury the force and effect of certain facts which have been proved ? He must instruct the jury on the facts,— not control their verdict, — enlighten their understandings, not inflame their passions, — and, above all, the discharge of judicial duties demands impartiality.
Is it a violation of any of these duties that the presiding Judge instructed the jury as hisjreport informs us ?• In reviewing the evidence he referred to the prominent facts, and expressed his opinion freely respecting their effect upon the issues involved; but he says “ this was my mere opinion and advice : the jury were left at liberty, if they chose so to do, to find against the will.”
This tribunal cannot say, in the language of counsel, that the presiding Judge moulded the verdict, or exercised an influence which the circumstances and justice of the case did not require. The evidence no doubt strongly impressed the mind of the Judge, and certainly warrants the conclusion of the jury.
It is objected that the test of testamentary capacity furnished by the Judge was error, and may have misled the jury : “I said to the jury, that the test, ‘capacity enough to make a contract,’ was not always the true rule; for sometimes it might be, that a higher degree of capacity to make a contract would be required than to make a will. In making a will, if the testator had ca *480 pacity enough to know his estate, the object of his affections, and to whom he wished to give it, that would be enough.”
These views are well sustained by authority. In Comstock vs. Hadlyme, (8 Conn. R. 254,) the language of the Court is, He may not have sufficient strength of memory and vigor of intellect to make and digest all the parts of a contract, and yet be competent to direct the disposition of his property by will. Lord Kenyon says, (Greenwood vs. Greenwood, 3 Curties, Appendix ii,) “I take it, a mind and memory competent to dispose of property, when it is a little explained, perhaps may stand thus: having that degree of recollection about him that would enable him to look about the property he had to dispose of. If he had a power of summing up his mind so as to know what his property was, and who those persons were that then were the objects of his bounty, then he was competent to make a will.”
The testamentary capacity was proved by the attending physician, the counsel who prepared the instructions and wrote the will, and the subscribing witnesses. Against this proof, the evidence of William Gordon and wife, casual visiters, is relied upon, supported by the opinions of four physicians who did not see the testator in his last illness. When the presiding Judge expressed greater confidence in the opinion formed by the attending physician, who had watched the progress of the disease, than in the opinions of those who were not present, and reasoned from the nature of the disease, he only pointed out the comparative value of the evidence before it went into the scales which the jury held.
The extreme age of the testator did not render him incompetent to make a will. It may raise some doubt of capacity, but no farther than to excite vigilance. (2 Phill. 461; 3 Madd. 192.)
The provisions of the will may be looked to, and where, as in Dew vs. Clarke, (3 Addams, 79,) the disinheriting of his daughter was the offspring of the morbid delusion which dethroned the testator’s reason) it was relied upon as an important circumstance. She was his only child, and the property was given to *481 strangers. “ It is quite impossible,” says Sir John Nichol, “ to disconnect the daughter, from the subject matter of the will.” But he by no means makes the contents of the will the substantive ground of his judgment. “ The mere omission of a child ” could not of itself impeach the capacity.
We cannot conclude from the report, that the jury was not left to deliberate and decide upon the facts of this case ; and having the concurring opinion of the Judge and the jury sustaining the will, and the weight of evidence supporting that opinion, the appellants can take nothing by their motion.
Motion dismissed.
O’Neall, Wardlaav, Withers, Whitner and Munro, JJ. concurred.

Motion dismissed.